## Crown Coal & Tow Co. v. John T. Taylor and Bart S. Adams.

1. CHANCERY PRACTICE—*When a Complainant May Dismiss His Bill.*—A complainant may, generally, dismiss his own bill as a matter of course at any time before it comes on for final hearing, and such dismissal will be no bar to another suit; but if he dismisses after the case

is called for final hearing, such action will generally be deemed a dismissal on the merits, unless otherwise ordered by the court.

2. SAME—*Dismissals Without Prejudice.*—The dismissal of a bill "without prejudice," is not a bar to another bill for the same cause of action.

**Bill for Accounting.**—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SHAEFER, Judge, presiding.   Heard in this court at the February term, 1900.   Affirmed.  Opinion filed September 8, 1900.

GUSTAVUS A. KOERNER, attorney for appellant.

WEBB & WEBB and E. L. THOMAS, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in chancery in the Circuit Court of St. Clair County, by appellees against appellant, for an accounting.   An accounting was ordered by the court and the case referred to the master.   Upon final hearing, on exceptions to the master's report, the court rendered a decree in favor of appellee Adams for $2,124.33, and in favor of appellee Taylor for $952.66.

The transaction out of which this case arises was before us in Crown Coal & Tow Co. v. Thomas, at the February term, 1898, and is reported in 73 Ill. App. 679.   From this court it was appealed to the Supreme Court and appears in 177 Ill. 534.

As appears on page 20 of the record in this case, it was agreed that either party might read in evidence the testimony of witnesses and documentary evidence as found in the abstract used in the Appellate Court, in the above mentioned case.   This agreement was availed of, and some additional testimony produced.   Appellant has filed in this case the abstract of the record used in that case and asks us to accept it, with a supplement covering the new matter, as the correct and complete abstract of the record in this case.

Appellant in this case is the same Crown Coal & Tow Company that was appellant in the case above referred to, and appellees are the same John T. Taylor and Bart S.

Adams mentioned in that case as owning, together with Edward L. Thomas, appellee in that case, all the stock of the Crown Coal Company. The entire transaction whereby the Crown Coal Company's mine, business and good will became the property of appellant, the Crown Coal & Tow Company, and appellant's liability to pay for the same, are fully set out and discussed in that case, and need not be repeated here.

The interests of the owners of the Crown Coal Company property with reference to each other were, appellee Taylor 24-112, appellee Adams 59-112, and Edward L. Thomas 29-112. Upon this basis appellant had recognized the individual interests of appellees and Thomas, and as part payment to apply on the respective interests of appellees, had paid to Taylor $4,000, and to Adams $10,000. At the time the decree herein was rendered there remained due to Taylor $952.66, and to Adams $2,124.33, as found by the trial court. If there can be any recovery at all in this suit, there is no question as to the correctness of these amounts.

Appellant raises some question as to the admissibility in evidence in this case, of the record in the case referred to. Under the stipulation and the conduct of the parties, both in the trial court and in this court, it is certain that the entire abstract of the record used in that case is in evidence in this. This, with the evidence disclosed by the supplemental abstract, furnishes ample basis to support the order of reference to the master, and to support the master's findings and report.

In the former case appellees were co-defendants with appellant in the trial court, and during the progress of that case filed their cross-bills therein, but of their own motion dismissed the same before the case came on for final hearing. The order of dismissal does not contain the words "without prejudice," and appellant's counsel contend that therefore the filing and dismissal of these cross-bills bars this action. Upon this question we have examined all the authorities cited and such others as have been accessible to us, and find the rule to be, that a complainant

may, generally, dismiss his own bill as matter of course at any time before it comes on for final hearing, and such dismissal will be no bar to another suit; but if he dismiss after the case is called for final hearing, such dismissal will generally be deemed a dismissal on the merits, unless the court otherwise orders. Such order, when made, is usually expressed in the words "without prejudice." Under the facts of the case we are of opinion that the filing and dismissal of the cross-bills by appellees in the former proceeding can not be held to bar this suit.

After the commencement of this suit, and while it was pending, appellee Adams filed a bill in the United States Circuit Court against Taylor, his co-complainant herein, and others, praying an injunction against them to restrain them from collecting certain judgments they had obtained against appellant and others, and from prosecuting certain suits against said parties. The commencement of the suit in the United States Court was subsequent to the commencement of the one before us, and its pendency, if it was still pending, was no bar to the prosecution of this one. We are unable to find any valid reason for holding that the filing of the bill in the United States Court by appellee Adams, or that the proceedings had thereon in that court, so far as this record discloses them, in any manner affect his right to recover in this case.

During the pendency of this suit, appellees recovered certain judgments against appellant, and appellant's counsel insist the court erred in not requiring the amounts thereof to be credited in the statement of account in this case. These judgments in no way involved any of the items in dispute in this case and were properly not considered by the master in stating the account.

Counsel for appellant further contend that whatever claims appellees have, if any, against appellant, are joint claims with Edward L. Thomas, and that separate recoveries can not be had. This question was raised and discussed in the Thomas case. In addition to what is said there, it may be added that from the time of the sale and

delivery of the Crown Coal Company's mine, business and good will to appellant, appellant thereafter recognized the individual interests of appellees and Thomas, and dealt with each of them individually concerning such interests. There is no other question raised in this case not fully discussed in the case referred to, and, as above remarked, need not be repeated here. The decree of the Circuit Court is affirmed.